IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL D. BUTLER #733314 | § | |
| VS. | § | CIVIL ACTION NO. 6:13CV431 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner contends he has demonstrated an "atypical punishment" in his disciplinary case in that it was brought in curtailment of statements he made in a grievance and because he was denied parole due to the disciplinary case on his record. However, that does not address the contrary authorities and reasoning cited in the Report. Furthermore, despite Petitioner's argument, "a prisoner does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction." See *Smith v. Cooper*, 2011 WL 3115850, at *2 (W.D. La. June 15, 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *Staples v. Keffer*, 419 Fed.

Appx. 461, 463 (5th Cir. 2011)). Additionally, his argument fails because a prisoner has no right to parole, only a mere hope that the benefit will be obtained; accordingly, no liberty interest is implicated to create an "atypical punishment" such as Petitioner now claims. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (citing *Board of Regents v. Roth*, 408 U.S. 564, 570-71, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)); *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (there is no constitutional expectancy of parole in Texas and, accordingly, any delay in a petitioner's consideration for parole cannot support a constitutional claim). Petitioner's objections are therefore without merit and are overruled. It is accordingly

**ORDERED** that the Petitioner's objections are **OVERRULED** and his petition pursuant to 28 U.S.C. § 2254 is **DENIED** and his action is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

It is SO ORDERED.

SIGNED this 29th day of July, 2013.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE